

# THE ATTORNEY GENERAL
# OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 28, 1956

This Opinion
Overrules Opinion

# O-378 Y O-662

where conflice

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Dear Mr. Calvert:

Opinion No. S-214

Re: Application of State Prize
and Award Tax under Article
7047f, V.C.S., to awards
under certain circumstances.

You request our opinion as to whether a State Prize and
Award Tax accrues on awards given under the following circum-
stances:

"1. To win the TV set or trip, bring the car you
are driving, regardless of make, to Don
McMillian, Inc. for an appraisal during this
Giant 6 Day Event. Some lucky appraisal will
be drawn and will be the winner.

"2. To win the 1956 FORD, every buyer who purchases
a 1956 FORD CAR OR TRUCK from Don McMillian, Inc.
during the 6 days may complete the statement
"I bought my 1956 FORD from DON MCMILLIAN, INC.
because . . . in 25 words or less. The best
statement judged by an independent board of
judges will win the 1956 FORD they bought for
the person who writes it."

Article 7047f(a), Vernon's Civil Statutes, provides:

"Every person, firm, or corporation conducting
a theatre, place of amusement, or any business enter-
prise in connection with the operation of which a
prize in the form of money or something of value is
offered or given to one or more patrons of such theatre,
place of amusement, or business enterprise, and not
given to all patrons thereof paying the same charge
for any certain service, commodity, or entertainment,
shall make a verified monthly report on the twenty-fifth
day of each month to the Comptroller of Public Accounts
of the State of Texas, showing the amount of money so
given in prizes, and the value of all prizes or awards
so given in connection with such business during the
next preceding month."

Honorable Robert S. Calvert, page 2 (Opinion No. S-214)


Article 7047f(b) levies a tax of twenty per cent of the value of such prizes.

Since no "charge" is required of the participants in the first above mentioned situation, we do not believe the tax is applicable to the award mentioned therein.

However, as to the second above named situation, the requirement of the purchase of an automobile or truck constitutes a charge. The fact of a variance in the purchase prices of the various types of automobiles and trucks sold would not of itself remove the transaction from the application of the statute, as long as such variance has no relation to a chance for the award. Neither would the requirement of submission by all contestants of statements of 25 words or less of the reason for the purchase of the vehicle remove the transaction from the statute. Therefore the tax is applicable to the second named situation.

Prior Attorney General's Opinions in conflict herewith, including Opinions Numbered 0-378 and 0-662, are hereby overruled to the extent of such conflict.


SUMMARY

Article 7047f, V.C.S., does not levy a prize and award tax unless a charge is paid by the persons participating in the chance for the award. A prize awarded to the purchaser of a car who submits the reason selected as best for the purchase of the car is subject to the tax where all participants are required to purchase a car and submit a statement of reason for the purchase.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

Will D. Davis
Reviewer

J. Arthur Sandlin
Reviewer

L. N. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

By John Atchison
Assistant